Rockingham, }
July 2, 1906. }

## GALLAGHER v. COTTON.

The fact that a deposition was written by a stenographer under the direction
of the commissioner is not a valid ground of objection to its admissibility
as evidence.

If the caption of a deposition omits to state whether the adverse party was or
was not present, the defect may be obviated by amendment.

ASSUMPSIT, to recover the amount due on a sale of spirituous
liquor. Trial by the court and verdict for the plaintiff. Trans-
ferred from the January term, 1906, of the superior court by *Wal-
lace*, C. J.

The defendant objected to the reception of a deposition offered
by the plaintiff because it was written by a stenographer, who
typewrote it under the direction of the commissioner, and because
the caption did not state whether the defendant was or was
not present. The objections were overruled, and the defendant
excepted.

*John W. Kelley* and *William E. Marvin*, for the plaintiff.

*Page & Bartlett* and *Ernest L. Guptill*, for the defendant.

WALKER, J. The plaintiff's right to maintain an action for the
recovery of the price of the liquors sold to the defendant cannot
be doubted. The facts differ in no material respect from those
presented in *Corbin* v. *McConnell*, 71 N. H. 350.

The exception to the admission of the deposition on the ground that it was written by a stenographer under the direction of the commissioner is not tenable. See Rule 24 of the superior court (71 N. H. 679).

The defendant also excepted to the deposition as evidence because the caption does not state whether he was or was not present. The statute provides that the magistrate "shall certify . . . that the adverse party was or was not present, was or was not notified, and that he did or did not object." P. S., c. 225, s. 9. While it has been held that in order to make a deposition competent as evidence it must appear from the caption that the provisions of the statute have been strictly followed (*Burnham* v. *Porter*, 24 N. H. 570; *Hayward* v. *Barron*, 38 N. H. 366, 370; *Cushman* v. *Wooster*, 45 N. H. 410; *Wells* v. *Iron Co.*, 47 N. H. 235), it is probably unnecessary to decide the legal question raised by the exception in this case. The defendant either was or he was not present at the caption; and if he is in a position to take advantage of the omission in the commissioner's certificate to state that fact, the defect may be obviated by an amendment. The effect of the omission related exclusively to the competency of the deposition as evidence. The question, therefore, was for the court to pass upon as a question of law. After the deposition was admitted, it is not perceived how the omission in the caption could affect the relevancy or weight of the testimony of the deponent to the disadvantage or prejudice of the defendant. The objection relates merely to the validity of the certificate, and the defendant would suffer no harm if the truth as to his presence or absence at the caption were now inserted by the commissioner in his certificate. In such a situation justice is secured by an amendment. *Whittier* v. *Varney*, 10 N. H. 291, 304; *Rand* v. *Dodge*, 17 N. H. 343, 355; *Cater* v. *McDaniel*, 21 N. H. 231; *Hutchins* v. *Gerrish*, 52 N. H. 205. When the amendment suggested is made the order will be,

*Exceptions overruled.*

PARSONS, C. J., and CHASE, J., concurred: BINGHAM, J., doubted: YOUNG, J., concurred in the result.