Hillsborough, }
Dec. 5, 1922. }

### Perley D. Dow, *Adm'r, v.* Robert G. Latham.

Laws 1911, c. 133, s. 12, as amended by Laws 1915, c. 129, s. 7, providing that
the operator of a motor vehicle approaching "any intersecting way" shall
give "timely signal" does not apply to a private way not laid out under
statutory authority, where the traveler is not approaching on the intersect-
ing way or hidden from view by a curve or corner in the road.

A child driving a hoop upon a street highway may be "a pedestrian who is
upon a traveled part upon a highway" within the meaning of Laws 1915,
c. 129, s. 7.

The only method by which advantage can be taken of what was said or not
said in a charge is by exception; if a charge is not excepted to, the presumption
is that the parties were satisfied therewith, though errors of law appear therein.

Whether operating an automobile without driving lights was careful or careless
was a question of fact properly submitted to the jury.

Where evidence technically defective has been admitted, the defect may be
cured, if the finding necessary to validate the evidence is for the court alone
but not if such finding is for the jury.

Where it does not clearly appear that the effect of the error did not extend to
all the issues tried, the error can only be corrected by a new trial of the
whole case.

Case, for negligently causing the death of the plaintiff's intestate,
a child ten years of age, who was killed about 9 p.m. August 4,
1919, by collision with an automobile which the defendant was driv-
ing westerly on Hanover street in Manchester. Westerly of the
junction of Hanover street and Lake avenue, three streets, Salis-
bury, Garmon and Gertrude, intersect with Hanover from the north.
Trial by jury before *Sawyer,* J., who transferred the exceptions
stated below from the January term, 1921, of the superior court.

The collision occurred between Garmon and Gertrude streets.
The decedent was at the time running in the street, rolling a hoop.
The grounds of negligence charged were that the driving lights of
the defendant's automobile were not in use, the side lamps only
being lighted; and the failure of the defendant to signal by the horn
of the automobile upon approaching the intersecting ways called
Salisbury, Garmon and Gertrude streets. The defendant's motion
for a directed verdict made at the close of the evidence was denied
subject to exception. The defendant requested the court to instruct
the jury not to find the defendant in fault because of his disobedience
of the statute upon approaching the streets named, because no
evidence had been introduced that the streets were ways as defined

in the statute, and excepted to the refusal to give this instruction and to the instruction that the streets named were intersecting ways within the meaning of the statute. The jury found a verdict for the plaintiff for $8,000, which the court reduced to $7,000. The defendant excepted to the refusal of the court to further reduce the verdict or to set it aside because produced by passion and prejudice or mistake.

*Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the plaintiff.

*Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendant.

PARSONS, C. J.   There was no error in the denial of the motion for a directed verdict.   Whether, at the place and time, operating an automobile without driving lights was careful or careless was a question of fact upon which there was conflict in the evidence as there was also as to the amount of light.   It does not conclusively appear that it was so light at the time of the accident that reasonable men might not conclude that prudence in the operation of a car in that place required the use of driving lights.   Upon the account of the accident given by the defendant and his friends, occupants of the car, it might be difficult to find that the absence of the driving lights, if negligent, was cause for the injury.   Their evidence tended to prove that the decedent came from behind a car in front running with his head down directly toward the defendant's car, and ran into it, and that he could not have been seen earlier if the driving lights were on.   Another witness gave an entirely different and inconsistent account of the accident.   Her testimony was to the effect that the decedent was driving his hoop on the right-hand side of the street, going in the same direction that the defendant was and that the defendant came up from behind and struck him.   While if her recollection of the place on the highway where she saw the decedent was correct, he must have suddenly moved into the street to be struck as he was, it could have been found, if this witness was believed, that with the driving lights on, the decedent might have been seen in season for the defendant to have warned him of the approach of the car as required by statute, "upon approaching a pedestrian who is upon a traveled part upon a highway and not upon a sidewalk" (Laws 1915, *c.* 129, *s.* 7), so that the decedent might have escaped with his life even if the defendant could not have stopped the car so as to otherwise avoid

a collision. The statute (Laws 1919, c. 161, s. 5) prohibits the operation of a motor vehicle "so that the lives or safety of the public might be endangered." Operating such a vehicle without driving lights in such darkness that members of the public who might be in its path could not be seen in season to profit by the warning which it was the duty of the motor's driver to give, might be found to be a violation of this statute and negligence. It is true there was evidence the occupants of a car preceding the defendant's did not see the decedent where the witness said she did. This is conflict, not absence, of evidence. *Goy* v. *Director General*, 79 N. H. 512, 515. The defendant's contention that the decedent was not making a viatic use of the highway needs little attention. He was at least in the words of the statute "a pedestrian . . . upon the traveled part upon a highway." If he was using the highway for pleasure, so was the defendant: the only difference between them appears to have been that the defendant was driving four wheels, while the decedent drove but one. No principle of law has been suggested by force of which the additional three wheels gave the defendant superior rights in the way.

The charge of the court is reported in full and the defendant contends that this submitted only three questions to the jury, and that by force thereof the plaintiff waived all grounds of negligence not expressly set forth in the charge. The only method by which advantage can be taken of what was said or not said in the charge to the jury is by exception. *Speares Sons Co.* v. *Railroad, ante,* 243, 244. If no exception is taken there is no occasion to print the charge in the record, and it is presumed that the charge was correct, or at least satisfactory to the non-excepting party. In this case the charge is made a part of the record. If on examination errors of law appear, the presumption still remains so far as no exceptions were taken that the party now objecting was satisfied with the manner in which the case was submitted to the jury. The charge confines the plaintiff to the specific acts of negligence set forth in the writ, which are stated to be the failure to have such headlights in operation as the law requires, and the failure to give warning by sounding the horn or signaling devices required by law. This fairly states the contentions of the plaintiff in the writ, and under the evidence. The charge, however, fails to inform the jury that the law required the defendant to use reasonable care in providing such lights as were necessary for the safe operation of his car with due regard to other users of the highway or to tell them of the statu-

tory prohibition against operating an automobile so that the lives or safety of the public might be endangered above referred to, but states to the jury the specific requirements of the statute that automobiles shall display at least two lighted lamps on the front of the car, from one-half hour after sunset to one-half hour before sunrise, and that the front lights shall be sufficient to be visible at least two hundred feet in the direction in which the motor vehicle is proceeding. Laws 1917, *c.* 229, *s.* 6. The defendant's car was equipped with lights, called signal or side lights, and there was no evidence that they were not visible for the distance required by statute. The evidence was that lights of this character were visible to a distance in excess of the requirements of the statute and that these lights on the defendant's car were seen just before the accident by the occupants of another car distant more than two hundred feet. The evidence conclusively established the defendant's compliance with the statute, the violation of which the charge permitted the jury to find and consider as a ground of negligence. Exception thereto must have been sustained. But no exception was taken and the objection is waived. The absence of exception also disposes of the objection now made that there was no evidence that the defendant might have avoided the injury after discovering the decedent. *Bourassa* v. *Railway*, 75 N. H. 359. The defendant contends that a party cannot here stand upon a ground of negligence not presented at the trial. *Richard* v. *Company*, 79 N. H. 380; *Gage* v. *Railroad*, 77 N. H. 289. And he argues that a verdict must be ordered for him in the absence of evidence sufficient to sustain either of the three specific questions which the charge submitted to the jury, violation of the statute as to light and signals, and defendant's ability to have prevented the injury after discovering the decedent. But the principle invoked by the defendant does not apply. Whether the defendant should have had his headlights in operation or not was the issue made by the pleadings and the evidence, and submitted to the jury. The error of the court was in the grounds presented by him to the jury for the determination of this question. It may be that knowing the evidence conclusively established the statutory sufficiency of the defendant's lights, counsel preferred the case should stand upon that ground rather than upon an exposition of the common-law rules and statutory provisions under which the jury might properly have found the headlights should have been in use and that the failure so to use them was negligence causing the injury. Whatever the

reason was, counsel elected not to raise the question and it is not here.

The defendant excepted to the question, "How far ahead would you say those headlights would throw?" The only lights previously mentioned were the side lights. If the question referred to these lights, and to their legal sufficiency under the statute, the exception would appear to be well taken, for the question under the statute is not how far ahead such lights would light the roadway, but how far ahead these lights could be seen by one in the path of the on-coming car. The answer to the question shows it was understood to refer to the driving lights. A prior question as to how far ahead the side lights would throw so the operator of the car could see, was not objected to, and on the question whether such lights rendered at the time the use of driving lights unnecessary, the inquiry was competent.

The remaining question relates to the statutory signal required to be given upon approaching ways intersecting the road upon which a motor is proceeding. The statute (Laws 1915, c. 129, s. 7) provides, "Upon approaching any intersecting way or a curve or corner in a way, every person operating a motor vehicle shall slow down and give timely signal with his bell, horn, or other device for signaling." This section is an amendment by reënactment with additions of s. 12, c. 133, Laws of 1911, without change, however, of this provision. Section 1 of c. 133 defines the meaning of the terms used in the chapter by which they are to be construed "unless a different meaning is clearly apparent from the language or context, or unless such construction is inconsistent with the manifest intention of the legislature." This section provides, "Way shall mean any public highway, street, avenue, road, alley, park or parkway, or any private way laid out under authority of statute." These provisions have been repeatedly reënacted without change. Laws 1915, c. 129, s. 1; Laws 1917, c. 229, s. 1; Laws 1919, c. 161, s. 1. Due care may require the giving a signal upon approaching an intersecting way which is not laid out under authority of statute, but the legislature did not think it wise to apply the command of statute law to any such except those so laid. A way in use may be either public or private. A private way does not fall within the definition of the statute unless it is laid out under statute authority. Public highways are only such as are laid out in the mode prescribed therefor by statute or as have been used as such for public travel for twenty years. P. S., c. 67, s. 1. As there was no proof

the intersecting streets, Salisbury, Garmon and Gertrude, had been laid out as private or public ways or had been used for public travel for twenty years, the exception to the failure to instruct the jury that the defendant was not in fault because of his disobedience of the statute, in other words, was not for this reason guilty of negligence as a cause of the injury, was on the ground assigned by the defendant well taken, as also the exception to the instruction given that the streets named were intersecting ways within the meaning of the statute.

The plaintiff urges that proof of the public character of the streets would be shown by the record of the laying, which would be addressed to the court and not to the jury, and that therefore the error might now be corrected by producing the evidence to the court.

In *Hutchins* v. *Gerrish*, 52 N. H. 205, it was held that the defect in the authentication of a record admitted in evidence which rendered it inadmissible, being a question as to the competency of evidence, was addressed to the court and not to the jury, and that such defect might be cured by evidence after verdict, there being no other objection to the competency of the evidence. An objection to the competency of a deposition as evidence because the caption did not state whether the adverse party was or was not present may be cured after verdict because the competency of the evidence is for the court and not for the jury. *Gallagher* v. *Cotton*, 74 N. H. 1; *Cater* v. *McDaniel*, 21 N. H. 231; *Rand* v. *Dodge*, 17 N. H. 343, 355; *Jaquith* v. *Putney*, 48 N. H. 138; *Janvrin* v. *Fogg*, 49 N. H. 340. These are all cases where the evidence was technically defective in which it was held since the question of competency was for the court and not for the jury, the defect might be cured by amendment, whereby the error of the court in admitting the evidence would be cured. The rule cannot be applied if the matter presents anything upon which the jury is to inquire, *Whittier* v. *Varney*, 10 N. H. 291, 304, and unless there is no other sufficient objection to the evidence. *Hutchins* v. *Gerrish*, 52 N. H. 205.

If a record had been admitted establishing the public character of the streets over a technical objection to its sufficiency which can now be obviated, the case would have been within the authorities, but no record was offered. It does not appear whether the public character of the streets is provable by record or user or whether on presentation of the record some question of fact may not be presented upon which the jury must pass. In *Manning* v. *Railway*, *ante*, 404, it was not held that the legal existence of a highway neces-

sary to sustain the verdict could be established by proof addressed to the court. The court passed to the consideration of the material questions in the case upon the assumption that the defect might in some way be cured without suggesting how this should be done, whether by a trial of this issue by the court, or by another jury.

But a record of a public laying if produced would not render unexceptionable the court's refusal to instruct the jury that the defendant was not in fault for failure to give an audible signal on approaching these streets. It would merely answer the reason the defendant gave for the request. Having given a sound reason for his request, if the plaintiff should be permitted to furnish evidence meeting this objection, is the defendant estopped to allege other grounds?

If the presiding judge makes a mistake correctible at the time if made known, the objecting party cannot keep silent relying upon a general exception even. *Mason* v. *Railway*, 79 N. H. 300, 305. It may be that one relying upon an objection made to the court which is established to be without merit cannot afterward bring forward other grounds in support of his objection, not stated to the court at the trial. But the reason of this rule seems lacking when the objection stated is sound. Justice might require that the plaintiff be permitted to establish before some tribunal a question, proof of which was omitted, if necessary to sustain a verdict otherwise sound, but it does not require that the defendant should be prevented from answering the case which the plaintiff might make. Under our practice, issues that have once been properly tried are not again submitted to a jury unless it is necessary to do justice. The issue presented by defendant's request whether the defendant's failure to give an audible signal on approaching these streets was negligence has not been properly tried. It was submitted to the jury over the defendant's objection that certain evidence to warrant it had not been offered. Upon another trial it would clearly be open to the defendant to contend that the evidence did not establish such relation between the defendant and the decedent that failure to obey the statute was evidence of fault in him, if the evidence stood as it now does. Assuming then that before a proper tribunal, the court or a jury, the plaintiff has established the statutory character of the three streets, he cannot go to the jury upon the question of the defendant's negligence unless it is established that the failure to obey the statute was a breach of a duty owed the decedent. The purpose of the requirement of the statute is to warn travelers who

may be approaching on the intersecting ways or hidden from view by a curve or corner in the road. There is no evidence the decedent was on either of these roads as the defendant approached them or was hidden by a turn on the road. Disobedience of the statute furnished no evidence of the defendant's fault and the issue to which the defendant objected and excepted was an immaterial one and should not have been submitted to the jury. *Taylor* v. *Thomas,* 77 N. H. 410; *Garland* v. *Railroad,* 76 N. H. 556; *Batchelder* v. *Railroad,* 72 N. H. 528.

As has been said, a party cannot take advantage of an error in the charge to which he does not except. But this does not prevent the court from transferring and this court from considering a question of law raised by neither of the parties. *State* v. *Almy,* 67 N. H. 274, 281; *State* v. *Sawtelle,* 66 N. H. 488, 503. The practice has not been followed in civil cases, but there is no reason it should not be, if necessary to prevent manifest injustice. In this case for some reason the entire charge is made part of the record. The third question submitted, whether the defendant could have prevented the injury after discovering the decedent, the jury were told not to consider unless they had found both parties negligent. The two questions which the court submitted to the jury as ground of negligence were entirely without support in the evidence. They were told that if they were not convinced that the failure to comply with the statute was negligence, to find a verdict for the defendant. If it is assumed that the jury obeyed the instruction (*Mitchell* v. *Railroad,* 68 N. H. 96), it follows that a verdict has been found for the plaintiff entirely without legal support.

The evidence of a mistrial is so clear that the verdict ought not to stand. Technicalities need not, however, be entirely laid aside. The exception to the refusal to charge is sufficient to destroy the verdict. The defendant was improperly placed before the jury as operating his car in defiance of the statutes of the state. It cannot be said that this view which the jury must under the instructions have entertained to find the verdict they did find may not have influenced their treatment of the question of damages. It does not "clearly appear that the effect of the error did not extend to all the issues tried." *McBride* v. *Huckins,* 76 N. H. 206, 213. The error can only be corrected by a new trial of the whole case. *Doody* v. *Railroad,* 77 N. H. 161, 168; *Milford &c. Co.* v. *Railroad,* 79 N. H. 525.

It therefore would be useless to consider the contentions of the

defendant that the evidence at this trial fails to sustain a verdict for the amount found. At another trial evidence may be offered of probable unusual earning power and probable extraordinary longevity of the decedent, which may justify an exceptional finding as to damages.

*Exception sustained: new trial.*

SNOW, J., was absent: the others concurred.