GEORGE W. SNIBBE, JR., ET AL., EXECUTORS, v. HARVEY H. ROBINSON.

*Law of the Road—Intersection of Public and Private Road— Photograph of Scene of Accident.*

Code, art 56, sec. 209, giving right of way to vehicles approaching at intersecting roads from the right, does not apply at the intersection of a private with a public road, a contrary construction being unreasonable, and not in accord with the context, and section 173 providing that the terms "highways"

and "roads" shall include any highway or thoroughfare of any kind used by the public.                    pp. 660-662

In an action on account of an automobile collision, it was error to admit a photograph of the scene of the collision, which was in itself obscure and indefinite, and which was taken at a time when the foliage, shrubbery, and lighting were not the same as when the collision occurred.                    p. 663

The question of the admission of a photograph of the place of the accident being to some extent in the discretion of the court, and disinterested witnesses having described to the jury its appearance at the time of the accident, *held* that the erroneous admission of a photograph of the place, taken when the foliage, shrubbery, and lighting were not the same as at the time of the accident, was not ground for reversal.                    p. 663

*Decided January 11th, 1927.*

Appeal from the Baltimore City Court (SOLTER, J.).

Action by Harvey H. Robinson against George W. Snibbe. Said Snibbe having died, George W. Snibbe, Jr., and William H. Surratt, his executors, were made parties defendant. From a judgment for plaintiff, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William H. Surratt* and *Paul R. Hassencamp,* for the appellants.

*Walter V. Harrison,* with whom was *Charles A. Trageser* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

This case grew out of a collision between an automobile owned by the appellee and driven by Miss Rebecca O. Robinson, his daughter, and one owned and operated by George W. Snibbe. It occurred shortly after eight o'clock in the morn-

ing, on October 15th, 1925, at a point where the driveway from Mr. Snibbe's place intersects Maiden's Choice Lane, a public highway, which point is between the Frederick Road and Wilken's Avenue in Baltimore County. As the appellee, on her way to the Robert Beach School, where she was a student, driving south at about twenty-five miles an hour, reached Mr. Snibbe's entrance, he came out of it, driving a Packard roadster east into Maiden's Choice Lane, and she struck his car with her automobile on the left side near the front wheel. As a result of the collision, both cars were substantially damaged and subsequently Mr. Robinson brought this action to recover for the damage to his car. Pending the suit, Mr. Snibbe died, and his executors, the appellants, were made parties defendant and the case prosecuted to judgment. It was tried before the court and a jury in the Baltimore City Court, and the verdict and judgment being for the plaintiff, the defendant appealed.

The first of the two exceptions presented by the record relates to the action of the trial court in admitting a photograph of the scene of the accident in evidence, and the second to its action in refusing the defendant's fourth prayer, and these exceptions will be considered in inverse order.

The defendant's fourth prayer in effect asked the court to instruct the jury that the rule of the road prescribed in article 56, section 209, Bagby's Code Public General Laws, which gives to vehicles approaching road intersections the right of way over other vehicles approaching such intersection from the left, gave Mr. Snibbe the right of way over plaintiff's car at the time of the collision. That is to say, his contention is that the word "roads," as used in that section of the statute, means private as well as public roads, and that the rule prescribed is of general application and is designed to control and regulate the operation of vehicles on all roads irrespective of whether they are public or private, and counsel for appellants assert that proposition very clearly and emphatically in their brief in these words: "The contention of the appellant being that the law as laid down in said sec-

tion of the Code makes it absolutely mandatory that the court instruct the jury that the defendant in the lower court, George W. Snibbe, had the right of way over the car belonging to the plaintiff, Harvey H. Robinson. There is no qualification, in the act cited above, of the rule that a vehicle on the right has the right of way, whether it be a public road, a private road, a public highway, or a private lane. The contention of the appellant is that the vehicle on the right has the right of way." There are, however, two answers to the proposition, either one of which would be sufficient. The first is that such a construction of the statute would be so clearly unreasonable that it should not be adopted, unless in obedience to some clear and unequivocal mandate of the legislature. We say that, because it would not only tend to hinder and delay the ordinary flow of traffic over the public highways of the state, by requiring persons operating motor cars thereon to observe not only the conditions on the highways over which they may be driving, and all public ways intersecting the same at and near the intersections, but also to discover at their peril the location of all private ways, lanes, and roads, leading into the highways, no matter how obscurely or indefinitely marked they may be, or how difficult it may be for one operating an automobile over ways with which they connect to discover them, while exercising ordinary care to avoid injury to others in the lawful use of the highway. If that construction were adopted, it would be wholly impracticable to operate motor vehicles over the public highways at the rates of speed permitted by the law, and the Legislature must have considered that fact in fixing the rates of speed at which vehicles may be lawfully operated over the public highways. If it had intended to impose upon persons operating automobiles on such highways the duty of discovering all intersecting or connecting private roads, ways, or lanes, and of anticipating the approach of vehicles therefrom, the Legislature would no doubt have limited the speed at which such vehicles might be lawfully operated to such rates as would be consistent with the normal and adequate discharge

of that duty. But they did not do that, and in prescribing the rules of the road to be observed by persons operating vehicles on the roads of this state, in our opinion, they only intended those rules to apply to the operation of vehicles on the public ways of the state, and had no reference to private roads or ways. And that conclusion is, we think, inevitable, and compelled by an examination of the context of the particular rule invoked in this case, and by the plain mandatory letter of the statute. The provision found in the same section, for instance, that vehicles not in motion shall stand with their right side as near the right-hand side of the highway as possible, or that which requires vehicles carrying poles or other objects projecting more than five feet from the rear end thereof to carry in the night time a red light, and in the day a red flag, at the end of such pole, were obviously not designed to apply to the roads and ways on private property, such as farms or country estates, or indeed to any property on which the public have no right to go. But an even stronger reason for that conclusion is expressed in the language of the act itself, when in section 173, article 56, it says: "The terms 'highway,' 'roads,' 'public highways' 'or public roads' shall include any highway or thoroughfare of any kind used by the public, whether actually dedicated to the public and accepted by the proper authorities or otherwise." For by adopting those definitions the Legislature admitted their necessity, and if the term "roads" had in its opinion been broad enough to embrace private roads, *a fortiori* it would have been broad enough to embrace *quasi* public roads of the character referred to in that definition, and no definition would have been necessary, and when it extended the usual and accustomed meaning of such words as "public roads," "highways," "public highways" and "roads" to embrace all roads used by the public, it certainly could not have meant to extend that meaning to include roads not used by the public, or it would have said so. In our opinion, therefore, the defendant's fourth prayer was properly refused. But before leaving that exception, we desire to commend the procedure adopted in this case by the

appellants in dealing with the court's rulings on the prayers, and of so framing the exception dealing with those rulings, as to present to this court the questions, and only the questions, upon which they actually relied on the appeal.

The second exception was taken to the action of the trial court in permitting a photograph of the place where the accident occurred to be offered in evidence. As has been stated, the accident occurred on October 15th, 1925, between eight and nine o'clock in the morning, and the case was tried in the following March. The photograph was taken by counsel in the case, in the afternoon, after the adjournment of court pending the trial. From the testimony it appeared that the conditions of the foliage, shrubbery, and lighting, were different at the time of the accident than when the photograph was taken, and the photograph itself was obscure and indefinite in its details, and it should not have been admitted in evidence. But if the original disclosed no more to the jury than the copy disclosed to this Court, it is difficult to see how they could have been affected by it. The question was to some extent in the discretion of the trial court (*Consolidated Gas Co. v. Smith,* 109 Md. 199; *Md. Elec. Rwy. Co. v. Beasley,* 117 Md. 127), and the jury had the benefit of the testimony of disinterested witnesses familiar with the appearance of the place at the time when the accident occurred, who described it to them, and it does not seem possible that as sensible men, with that testimony before them, they could have been seriously affected by the admission of the photograph, and we are unwilling to reverse the judgment on that ground alone. The judgment appealed from will therefore be affirmed.

*Judgment affirmed, with costs.*