Myers, J.
 

 The real question here is whether the driveway on which the offense was committed comes
 
 *231
 
 within the purview of “roads or highways” as used in Section 12404-1, General Code, which is as follows:
 

 “Whoever shall unlawfully and unintentionally kill another while engaged in the violation of any law of this' state applying to the use or regulation of traffic on, over or across the roads or highways shall be guilty of manslaughter in the second degree and shall be fined not to exceed five hundred ($500.00) dollars or imprisoned in the county jail or workhouse not less than thirty days nor more than six months, or both, or imprisoned in the penitentiary not less than one year nor more than twenty years'.”
 

 The conviction of the defendant was predicated not only upon the foregoing Section 12404-1 but also upon Section 12603-1, General Code, providing a penalty for anyone who operates a motor vehicle upon the public roads or highways without due regard for the safety and rights of pedestrians, and also upon Section 12628-1, General Code (repeal effective October 1, 1936), providing a penalty for any one driving a motor vehicle upon any public highway or street when intoxicated. (The offense was committed on the 21st day of February, 1936.)
 

 While Section 12404-1 uses merely the words “roads or highways” it will be observed that Section 12603-1 employs the term “public roads or highways” and Section 12628-1 uses the term “public highway or street.” In order to furnish a basis for the conviction of the defendant the driveway involved in this case must therefore clearly come within the definition of a public road, highway or street.
 

 The essential facts as' to the driveway in this case were not disputed. The driveway was located wholly on hospital grounds. It was built and maintained by the hospital. It could be relocated or vacated at any time by the hospital and the ground used for other purposes. According to the record, it was never supervised or controlled by the traffic or highway authority
 
 *232
 
 of city, county or state. It appears to have been built by the hospital primarily for the use of the hospital, its employees and whoever else might have business with the hospital. In this respect it may be said to be a hospital driveway rather than a road or highway to be traveled by the public generally. This is further attested by the fact that it is only about 1500 feet long and ends in a circle where motor vehicles may turn around. That is the character of this driveway when viewed from its physical aspects.
 

 Now let us survey this driveway from a strictly legal standpoint. It was never .dedicated or created by any legislative authority as a road or highway. It is not found recorded on any plat of roads or highways of city, county or state. Although it lies wholly within the corporate limits of the city of Cincinnati there appear to be no ordinances regulating traffic or limiting parking on such driveway. We do not find from the record that it is listed as street, township road, county or state highway.
 

 The state claims that since the driveway in question was built by Longview Hospital with public funds that it thereby became a public highway within the meaning of the statute. A situation might exist where such circumstance would be an important factor. It is negatived in this case, however, for the reason that the record fails to show that the General Assembly ever granted permission to establish a “street, alley or road” in the place where this driveway is located, as provided by Section 23, General Code, which reads as follows:
 

 “A street, alley or road shall not be laid out or established through or over the lands belonging to a public institution of the state without the special permission of the General Assembly.”
 

 This does not mean, of course, that Longview Hospital had no right to construct this driveway for its own use and that of the public, but it does clearly indicate
 
 *233
 
 that such driveway is' not to be regarded as a public road or highway in the sense in which such terms are generally used.
 

 “A statute defining a crime or offense cannot be extended, by construction, to persons or things not within its descriptive terms, though they appear to be within the reason and spirit of the statute.”
 
 State
 
 v.
 
 Meyers,
 
 56 Ohio St., 340, 47 N. E., 138.
 

 We are obliged to conclude, therefore, that where a driveway, leading into and located wholly upon state hospital grounds, is built, maintained and controlled by the hospital for its own use and the public having business therewith, and where such driveway was never dedicated or legally accepted as a public thoroughfare, it does not come within the purview of “roads or highways” as found in Section 12404-1, General Code, defining manslaughter in the second degree.
 

 We cannot leave this subject, however, without referring to the claim of the state, that unless this driveway be held to be a public highway within the meaning of Section 12404-1 confusion may result with reference to other roadways lacking in legal formalities but public in all other attributes and qualifications. What may or may not be a road or highway within the meaning of the statute must be determined from all the facts and circumstances in each particular ease. In the instant case the undisputed facts clearly showed this driveway not to be such a public road or highway as to come within the meaning of Section 12404-1, General Code, and the trial court should have so ruled. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Jones, Matthias, Day, Zimmerman and Williams, JJ., concur,