## KING v. EDWARD HINES LUMBER CO.

### Civ. No. 2260.

District Court, D. Oregon.

April 23, 1946.

Hallock, Donald & Banta, of Baker, Or., for plaintiff.

Hugh L. Biggs, of Portland, Or., and Casey & Kriesien, of Burns, Or., for defendant.

JAMES ALGER FEE, District Judge.

This case involved a claim for damages based upon personal injuries alleged to have been sustained as a result of the failure of defendant to observe the rules of the road laid down by the State of Oregon for State highways in the Uniform Traffic Act,[1] although the accident occurred upon a road built and maintained by the United States in a federal forest reserve, and in an area thereof where defendant was conducting a large logging operation under a contract with the United States.

[1] Vehicle Code, Title 15, Chapter 3, Oregon Compiled Laws Annotated, §§ 115-301 to 115-3,101 inclusive.

A pretrial conference of many hours, attended by the attorneys, resulted in a definitive pretrial order formulating the issues and outlining the course of the case on trial. At the pretrial conference the respective attorneys expressly agreed that "if under the facts and the law applicable thereto, it is determined that the road where the accident occurred is not a public highway and that the Uniform Traffic Act of Oregon is not governing, the defendant cannot be charged with negligence in this case." This clause was placed in the formulated order.

The court thereupon segregated this one issue as to the character of the road, impanelled a jury, took evidence as to the facts and circumstances relating to the road, and finally directed the jury to find against plaintiff on this controlling issue. Thereupon, since it had been stipulated in open court and made part of the pretrial order, that there was no other issue in the case once this preliminary matter was determined adversely to plaintiff, the court entered a final order of dismissal.

Thereafter, a motion to set aside the judgment was made, given full consideration by the court, and denied. A motion for a new trial filed at the same time was submitted after plaintiff had hired present counsel who were not the counsel who entered the stipulations and who appeared at the time of trial.

Counsel for plaintiff, who have been employed since the trial, and who know nothing except by hearsay as to what happened in the courtroom, outside of 'the written record, seek now to repudiate the admissions made in the pretrial conference, in the pretrial order, and at the trial. In the District of Oregon pretrial conferences are normally conducted in the courtroom in the presence of the attorneys for the parties and if possible, in the presence of the parties themselves. All counsel in this District are advised that admissions made which are incorporated in the pretrial order are binding upon them as admissions in open court. The pretrial order is not drawn by the judge, but by the attorneys under the general supervision of the judge. The pretrial order is based upon the proceedings at the conference. Permission has not been denied to counsel in cases where pretrial conferences were held, to change the form of an admission or even its substance before the final crystallization of the pretrial order. All parties, and attorneys, are on notice as to the effect of such an admission because the court regularly includes as a part of the pretrial order, a final paragraph which puts all parties upon notice. This paragraph reads: "It is ordered that the pre-trial conference in this case having been held and participated in by all parties, the pleadings now pass out of the case and the foregoing pretrial order shall govern the course of the trial and shall not be hereafter amended except by consent of the parties or by the court to prevent manifest injustice."

In the case at bar the pretrial conference was participated in by able attorneys on each side who had full knowledge of the method of procedure and the uniform practice of the court with reference to pretrial conferences. The pretrial order in this case is definitive in its terms and consists of nine pages. It was drawn by the attorneys themselves, submitted to the court for criticism and finally signed by the judge after one of the attorneys on each side had signified his acquiescence in the terms of the order by signing his name under the words "approved by" which appear directly under the signature of the judge.

The complaint of the present attorneys who have been employed since the trial, is that they would not have made the admissions that there was no possible claim of common law negligence in the case, and that if the state Uniform Traffic Act did not apply no claim of negligence could be maintained against the defendant.[2] The attorney for plaintiff who was trying the case fully understood the effect of his stipulation and at the time that the

---

[2] Although the matter was not passed upon by the court, this position has a very firm foundation in the authorities. See note "Applicability of regulations or rules governing vehicular traffic to driveways or other places not legal highways," 80 A. L.R. 469 and cases cited. Otherwise the court might not have permitted the pretrial order to contain a stipulation believed improvident.

court received the verdict admitted that there were no further steps to be taken in the case because of that admission. Therefore, even though the court were now fully advised that there was a maintainable claim of common law negligence in the premises, the court would not grant a new trial upon such a basis. The present attorneys for plaintiff by ex parte statements which are not supported by the record, and by assumptions as to the intention of the court, and unfounded inferences from the course of the trial, claim the right to repudiate the pretrial order now and file an amended complaint upon which the claim of common law negligence can be tried.

An admission by counsel in open court made part of the judicial record and used as a foundation for a judgment, is the most solemn and binding act. No matter what the circumstances were the fact admitted of record binds the parties and the privies. No matter what the legal rights of the client were, the attorney in a civil case can destroy them all by admissions made in the record. Otherwise, we turn our face against the whole course of history as to judicial proceedings exemplified by the common recoveries of the early common law which were founded upon the solemn admissions of facts which before their entry were fictitious. In modern times the consent decree of the court is given absolute effect.

If the court cannot rely upon the admissions of counsel made in pretrial conferences, then that procedure has no validity. The court must be able to trust counsel's knowledge of the law and of the fact. If counsel should be mistaken as to both and yet stipulate to a fact, or to a ground of liability, or that he has no claim under a specific theory of law, then no judgment founded upon a pretrial order or conference would be valid.

In this case there is no claim and could not be, of fraud or over-reaching. The court supervised the entire proceeding and exercised extreme care to see that the rights of the parties were protected. It might have been possible to determine the question of the applicability of the State Uniform Traffic Act as a question of law upon the stipulated facts in the pretrial order. Instead, however, the court impanelled a jury and tried the questions of fact. When the situation developed under the facts so that treating all the testimony as true it was clear that the State Code was not applicable, the court finally did decide the question of law by directing a verdict.

■ There are other minor questions involved. The court had a right "in furtherance of convenience" to order "a separate trial" "of any separate issue". Rule 42(b), Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c. When it was clear that the Uniform Traffic Act of the State of Oregon did not apply and that the road was therefore not "public" in that sense, the court had a right to direct a verdict. Rule 50, Federal Rules Civil Procedure; Galloway v. United States, 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458. Based upon the admissions in the pretrial order and at the trial, the court had a right to enter a final judgment on this verdict.

■ The court is still of opinion that the rules of the road as they appear in the Uniform Traffic Act of the State of Oregon were not intended to be, and are not applicable upon a road constructed and maintained by the United States situate wholly upon lands owned by the United States as part of the public domain.[3] The court is further of opinion that the road in question was a "private road" as defined by the Code if it be assumed that such a statute could by any stretch of the imagination

---

[3] The statutes of other states have been so construed. Dow v. Latham, 80 N.H. 492, 120 A. 258; Snibbe v. Robinson, 151 Md. 658, 135 A. 838, 50 A.L.R. 280. The Oregon statute clearly provides for the exact exception as follows: "Permissive use of property for vehicular travel: Act as affecting. Nothing in this act shall be construed to prevent the owner of real property used by the public for purposes of vehicular travel by permission of the owner and not as a matter of right from prohibiting such use, or from requiring other or different or additional conditions than those specified in this act, or otherwise regulating such use as may seem best to such owner. (L.1931, ch. 360, § 8, p. 632; O.C.1935 Supp., § 55-1908)." O.C. L.A. § 115-308.

be conceived applicable to a road upon lands of which the United States was the sole proprietor although the same were within the boundaries of the State of Oregon.

Whether or not the statutes of that State be so construed, these were not applicable to the present situation. The United States upon land of which it is the proprietor has complete power to exclude all persons therefrom, to issue special permits to certain persons to go thereon, to construct roads and prescribe the manner in which they shall be used, and who shall use them. The State of Oregon has no power whatsoever to prescribe the rules upon, or methods of use of any such road. The right to prescribe such rules and limit the persons licensed to use such roads upon lands owned either by private individuals or by the Federal Government, is a part of the ownership of the soil. The United States exercises this right, not only on forest reserves, but in military reservations and in national parks. See 65 C.J. 1305; United States v. Midwest Oil Co., 236 U.S. 459, 35 S.Ct. 309, 59 L.Ed. 673; Light v. United States, 220 U.S. 523, 31 S.Ct. 485, 55 L.Ed. 570; Collins v. Yosemite Park & Curry Co., 304 U.S. 518, 58 S.Ct. 1009, 82 L.Ed. 1502.

The motion for a new trial is denied.