**Rita A. RILLING**

v.

**Ralph M. JONES.**

No. 7974.

United States District Court
D. Maryland, Civil Division.

May 4, 1955.

David Kauffman, Cumberland, Md., and Frank Hirsch, Baltimore, Md., for plaintiff.

F. Gray Goudy, Baltimore, Md., for defendant.

THOMSEN, District Judge.

Defendant, a resident of Oklahoma, served in this action under the Maryland non-resident motorists' statute, Code, art. 66½, § 113, has moved to quash the process issued against him, to set aside the return of the marshal thereon, and to dismiss the action, on the ground that the cause of action complained of did not arise out of the operation of a motor vehicle on a public highway of the State of Maryland, but that the accident complained of occurred on the private property of plaintiff.

■ Since plaintiff is a Maryland citizen, the requirement of venue is met, 28 U.S.C.A. § 1391(a), and the motion to dismiss must be overruled.

■ Facts and photographs stipulated by the parties show that the accident happened on a private dirt driveway leading to plaintiff's home from U. S. Route 220, in a wooded area four miles north of Cumberland, Maryland.

The Maryland statute provides, Code, art. 66½, § 113(a):

"The acceptance by a non-resident * * * of the rights and privileges of using the roads and highways of Maryland, as evidenced by his, their or its operation of a motor vehicle on any of the public highways within the limits of this State, shall be deemed equivalent to an appointment by such non-resident * * * of the Secretary of State * * * to be his, their or its * * * attorney upon whom may be served all lawful processes in any action * * filed * * * against him, them or it, growing out of any accident or collision in which said non-resident

may be involved, while operating or causing to be operated, a motor vehicle on such public highway * *."

Art. 66½, § 2(a) (35) defines "Private Road or Driveway" as follows:

"Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons."

Section 2(a) (57) defines "Street or Highway" as follows:

"The terms 'street', 'highway', 'roads', 'public highway' or 'public roads' shall include any highway or thoroughfare of any kind used by the public whether actually dedicated to the public and accepted by the proper authorities or otherwise and the term shall include roads and driveways of State hospitals and other State institutions."

Section 113(a), quoted above, does not apply to the accident in this case, which occurred on a private road or driveway. Finn v. Schreiber, D.C.W.D.N.Y., 35 F. Supp. 638; Dworkin v. Spector Motor Service, Inc., D.C.Conn., 3 F.R.D. 340; O'Sullivan v. Brown, 5 Cir., 171 F.2d 199; Camden v. Harris, D.C.W.D.Ark., 109 F.Supp. 311. Cf. Snibbe v. Robinson, 151 Md. 658, 135 A. 838, 50 A.L.R. 280. In State v. Root, 132 Ohio St. 229, 6 N.E. 979, the court held that a driveway which led into and was located wholly upon state hospital grounds, and which was built, maintained and controlled by the hospital for its own use and had never been dedicated or legally accepted as a public thoroughfare, was not a road or highway within a manslaughter statute. The Maryland Legislature evidently had this 1937 decision in mind when it adopted in 1939 the provision quoted above, which included roads and driveways of state hospitals and other state institutions within the definition of public highways, Acts of 1939, ch. 585; but the Legislature did not extend the provisions of what is now Sec. 113(a) to include private roads and driveways.

Galloway v. Wyatt Metal & Boiler Works, 189 La. 837, 181 So. 187, is distinguishable, because in that case the road, which led to the plant of a petroleum company, and on which several houses were located, was used by the public generally, and came within the definition of a public road in the applicable Louisiana statute.

Since the accident happened on a private driveway, it is unnecessary to consider what effect, if any, Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, would have on the case if the accident had happened on a public highway. See Giffin v. Ensign, D.C.M.D.Pa., 15 F.R.D. 200. See also Morris v. Sun Oil Co., D.C.Md., 88 F. Supp. 529, and concurring opinion of Judge Maris in McCoy v. Siler, 3 Cir., 205 F.2d 498.

The motion to quash the service of process is granted.