## A. S. MOYER and Nita Moyer, et al., Appellants,

v.

## UNITED STATES of America, Appellee.

## No. 18009.

United States Court of Appeals
Ninth Circuit.

Jan. 23, 1963.

Rehearing Denied Feb. 27, 1963.

Latourette, Latourette & Dickinson, John R. Latourette, Robert P. Dickinson, and Lester W. Humphreys, Portland, Or., for appellant.

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis and Richard N. Countiss, Attys., Washington, D. C., Sidney I. Lezak, U. S. Atty., and Joseph E. Buley, Asst. U. S. Atty., Portland, Or., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and BEEKS, District Judge.

## PER CURIAM.

Being dissatisfied with the jury's verdict, the defendants in this condemnation case seek a new trial. In support of their request, the defendants allege that the trial court erred in two particulars.

The first assignment of error goes to the trial court's having admitted into evidence an aerial photograph which defendants claim did not accurately depict their property.[1] The second assignment of error relates to certain maps which the Government supplied defendants during pretrial proceedings and which defendants claim were represented as being identical to those that the Government would introduce into evidence during trial. The maps actually introduced are alleged to be at variance with those theretofore given to defendants which fact was not "discovered" by defendants until after the trial was concluded. Further, defendants allege prejudice in that

1. Defendants asserted that the highest and best use of their property was as a residential subdivision, while the Government contended that such use was as timber and reforestation land. The claim of error with respect to the photograph specifically alleges prejudice to defendants' theory in that: (1) The photograph was made two years prior to the date of taking and thus portrays the property at too remote a point of time; (2) the defendants expended a large amount of money on access roads after the picture was taken but before the property involved was condemned; (3) the area bordering their property was improved after the photograph was taken.

maps offered by the Government during trial contradicted each other.

 In regard to the first claimed error, admission of photographs into evidence is within the sound discretion of the trial court. Willis v. Pennsylvania Railroad Company, 269 F.2d 549 (4th Cir., 1959); Chicago G. W. R. Co. v. Robinson, 101 F.2d 994 (8th Cir., 1939), cert. denied 307 U.S. 640, 59 S.Ct. 1038, 83 L.Ed. 1520. When the photograph was admitted, it was accompanied by a thoroughly protective admonition to the jury.[2]

In addition, defendants offered detailed testimony with respect to new roads and other changes in the area involved. Such testimony was augmented by two relief maps or models which defendants used to graphically demonstrate their theory. Also, defendants had adequate opportunity to request witnesses to locate the roads or other changes they deemed material on the aerial photograph. The defendants did not take advantage of such opportunity.

 We find no prejudice in the admission of the photograph.[3]

The second specification of error, urged after trial, was considered at a hearing afforded defendants by the trial court. Defendants used the post-trial hearing, however, to once again present much of their theory with regard to highest and best use. The testimony actually offered in no way substantiated defendants' claims with respect to inaccuracies in the various maps. It was entirely uncertain then, as it is now, which maps defendants referred to and in what manner they failed to adequately inform the jury. The trial court found no prejudice in regard to this claim, and from the incomplete record[4] before us, we agree.

Affirmed.

2. "Now, members of the jury, the respective parties have their own respective theories concerning the matter. This photograph is offered by the Government solely as to give you a pictorial view of the ground. It doesn't purport to show all of the physical attachments to the ground involved as of March 27th, 1958. You will have to determine from all of the evidence in the case what the status of the ground was on that date.

"So, bear in mind that this picture was taken some years before and just is part of the evidence for you to consider in light of all the other evidence showing what the condition of the ground was on the date of taking, March 28th, 1959 [sic]."

3. In support of their contention that admitting the photograph into evidence constituted error, defendants cite Snibbe v. Robinson, 151 Md. 658, 135 A. 838, 50 A.L.R. 280 (1927), and Hampton v. Norfolk & W. R. Co., 120 N.C. 534, 27 S.E. 96, 35 L.R.A. 808 (1897). While the photograph in the Snibbe case was said to be inadmissible, the Court, because of circumstances similar to those existing in this case, refused to find that it was prejudicial. The Hampton case is no longer the law in North Carolina, Lupton v. Southern Express Co., 169 N.C. 671, 86 S.E. 614 (1915).

4. Defendants' counsel stated during argument that the maps which were furnished defendants during pretrial were not made a part of the record on appeal.