James A. NELSON, Plaintiff,

v.

TEXTRON, INC., Defendant.

Civ. A. No. 91–2235–L.

United States District Court,
D. Kansas.

July 1, 1992.

Ruth M. Benien, Shetlar, Benien, Kaplan & Donham, Chtd., Kansas City, Kan., Elizabeth A. Kaplan, Shetlar, Benien & Kaplan, Chtd., Overland Park, Kan., Gary C. Robb, Robb & Robb, Kansas City, Mo., for plaintiff.

Pub.L. No. 101–650, § 102, and the legislative history at 1990 U.S.C.C.A.N. 6802.

James S. Kreamer, Robert W. Blesch, John W. Cowden, Baker, Sterchi & Cowden, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Defendant Textron, Inc. filed a Motion to Amend the Pretrial Order (Doc. #78) on June 1, 1992. The pretrial order had been entered by the court on May 26, 1992. Textron asked to amend that order to delete the language contained in plaintiff's Factual Contentions and Legal Theories which claimed negligence against the defendant "for not manufacturing the chain saw in accordance with factory specifications." For the reasons set forth below, defendant's motion is granted.

Upon review of the papers submitted by the parties on this motion, the court conferred with Magistrate Judge Newman concerning his intentions in preparation of the pretrial order. Judge Newman informed the court that he had intended to disallow any claim of a manufacturing defect, whether on a product liability or a negligence theory. He indicated further that the inclusion of the language concerning negligence for not manufacturing the chain saw in accordance with factory specifications, which survived in subparagraph B of plaintiff's Factual Contentions and Legal Theories, was an oversight on his part. He further affirmed that the manufacturing defect negligence claim had no more been a part of the case than a manufacturing defect product liability claim until it appeared in the proposed pretrial order.

As Judge Newman pointed out in his Memorandum and Order of May 20, 1992, "the parties prepared this case for trial on the theory of design defect." Judge Newman went on to recite the various reasons why it would be inappropriate to expand the claim beyond the design defect theory. This court agrees.

Therefore, defendant's Motion to Amend the Pretrial Order (Doc. #78) is granted and the following language will be stricken from the pretrial order, in paragraph 4B: "and for not manufacturing the chain saw in accordance with factory specifications." This case will proceed to trial on the design defect theory only.

IT IS SO ORDERED.