Saul ZAPATA, et al., Plaintiffs,

v.

IBP, INC., Defendant.

No. 93–2366–EEO.

United States District Court,
D. Kansas,
Kansas City Division.

Oct. 26, 1998.

P. John Brady, R. Lawrence Ward, James C. Sullivan, Shughart, Thomson & Kilroy,

P.C., Kansas City, MO, John L. Hampton, Hampton Law Office, Lawrence, KS, for Plaintiffs.

Robert L. Driscoll, Kathy Perkins Brooks, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Russell P. Wright, Tina M. Hernandez–Sabag, IBP, Inc., Dakota City, NE, Shelly L. Freeman, John R. Phillips, Blackwell Sanders Peper Martin LLP, Kansas City, MO, Sarah R. Saldana, Michele Baird, Karen B. Peck, Baker & Botts, L.L.P., Dallas, TX, for Defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant IBP, Inc.'s motion to modify the pretrial order (Doc. # 639). Specifically, IBP requests the court "to exercise its discretion under D.Kan. Rule 16.2(c) and modify the Pretrial Order to strike all references to plaintiffs' claims for discrimination based on race, ancestry or ethnicity and to award IBP the costs it incurred filing this motion, including attorneys' fees." IBP's Memorandum in Support at 1–2. The plaintiffs have filed a response. No reply has been filed, and the time for filing any reply has passed. For the reasons set forth below, the motion is denied.

Local Rule 16.2(c) provides:

The pretrial order, when approved by the court and filed with the clerk, together with any memorandum entered by the court at the conclusion of the final pretrial conference, will control the subsequent course of the action unless modified by consent of the parties and court, or by an order of the court to prevent manifest injustice.

The court finds the arguments IBP has presented in support of its motion are simply a rehash of the arguments presented to the court in the twelve motions for summary judgment filed by defendant, specifically documents numbered 479, 482, 485, 488, 491, 494, 497, 500, 503, 506, 512, 515, and 518. The court has thoroughly addressed this issue in the context of deciding the motions for summary judgment, and hereby incorporates our analysis and reasoning set out in the first section of each of our summary judgment orders as if specifically stated herein.

Significantly, defendant did not seek reconsideration of the pretrial order. Pursuant to Local Rule 7.3, motions to reconsider "shall be filed within ten days after the entry of the order or decision unless the time is extended by the court." *See also* Fed. R.Civ.P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."). Defendant has offered no explanation why it waited nearly one year and four months after entry of the pretrial order to seek modification of that order. Defendant's new counsel were not at the pretrial conference and did not participate in defendant's apparent decision not to challenge the pretrial order within ten days after it was entered, as is required under Local Rule 7.3. As plaintiffs aptly note, defendant, however, "may not take advantage of this situation now by second-guessing the decisions of previous counsel." Plaintiffs' Response Brief at 5. *See Moore v. Sylvania Elec. Prod., Inc.,* 454 F.2d 81, 84 (3rd Cir. 1972) (requiring plaintiff's new counsel to adhere to theories asserted by previous counsel at the pretrial conference); *King v. Edward Hines Lumber Co.,* 68 F.Supp. 1019, 1020 (D.Or.1946) (new counsel cannot repudiate a pretrial order based on actions of the previous counsel at the pretrial conference stage of the litigation).

IBP has failed to demonstrate that modification of the pretrial order is necessary to prevent "manifest injustice." Even were we to modify the pretrial order to delete all references to race, ancestry and ethnicity discrimination, we have determined that plaintiffs have sufficiently stated a claim under section 1981 based on their allegations in the Second Amended Complaint. As we explained in our orders regarding summary judgment, "we find that plaintiffs have sufficiently stated a claim under section 1981 because their allegations [in the Second Amended Complaint] are not limited to discrimination based on the nation of their ori-

gin, but rather their allegations also encompass discrimination based on ethnicity and ancestry. *See Saint Francis College,* 481 U.S. at 613, 107 S.Ct. 2022." *See, e.g.,* 9/30/98 Mem. & Order regarding Sigala at 7. Moreover, in light of our ruling that plaintiffs' section 1981 claims are not dependent upon the inclusion of the words "ancestry, ethnicity and race" in the pretrial order, *id.,* we are not persuaded by IBP's claims of prejudice and hardship.[1]

Finally, the court finds defendant's reliance on *Nelson v. Textron, Inc.,* 142 F.R.D. 682 (D.Kan.1992) misplaced. There, unlike here, within five days of entry of the pretrial order, defendant timely moved to amend the order. In addition, the district court modified the pretrial order because the order did not conform to the intentions of the magistrate judge. *Nelson,* 142 F.R.D. at 683. The district court conferred with the magistrate judge concerning his intentions in preparation of the order. *Id.* The magistrate judge informed the court that the inclusion of a particular claim was an oversight on his part and should not have been included in the order. *Id.* In this case, based upon our review of the facts surrounding the pretrial conference and the magistrate's previous orders, it is clear that the inclusion of "ancestry, ethnicity, and race" in the pretrial order was not an oversight on the part of Magistrate Judge Rushfelt. Rather, Judge Rushfelt expressly intended to include those claims. Accordingly, for the foregoing reasons, defendant's motion to modify the pretrial order must be denied.

IT IS THEREFORE ORDERED that defendant IBP's motion to modify the pretrial order (Doc. # 639) is denied.

---

1. The court acknowledges that in a previous order, it denied plaintiffs' proposed amendment to the complaint seeking to add allegations that each plaintiff "has filed a claim of racial and national origin discrimination with the Equal Employment Opportunity Commission (EEOC) in a timely manner," on the grounds that "it appears that plaintiffs are indeed attempting to broaden the scope of the original pleadings." *See* 2/20/97 Mem. & Order at 4. The court's ruling was limited to plaintiffs' attempt to assert their procedural compliance in bringing a Title VII race claim where plaintiff Sigala's EEOC charge did not assert race discrimination. The court did not rule on the issue whether plaintiffs had stated a claim under section 1981.